Richard E Slezak OSB #862906
res@slezaklaw.com
Richard E Slezak *PC*
6446 Fairway Ave SE Suite 120
Salem OR 97306
503 315-2022
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JESSICA BERNAL WICKLIFF, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | Civil Rights (Title VII, 42 USC §2000e); Personal Injury; Vicarious Liability |
| LA QUINTA WORLDWIDE LLC, a foreign Limited Liability Company; LQ MANAGEMENT LLC; a foreign Limited Liability Company; OREGON HOSPITALITY GROUP LLC, a Washington Limited Liability Company; and ASHOO OHRI, individually, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## JURISDICTION

Complete diversity exists, as all defendants are of different citizenship from the plaintiff. The amount in controversy is more than $75,000, exclusive of interest and costs. Jurisdiction is therefor proper under 28 USC §1332. The court

Page 1- COMPLAINT

further has supplemental jurisdiction under 28 USC §1367 over the transactionally related Oregon state claims.

## CONCISE STATEMENT OF FACTS

1. Plaintiff is a citizen of Oregon.

2. Defendant, La Quinta Worldwide LLC, (LQWW) is a foreign Limited Liability Company with its principal place of business in Irving TX; Defendant, LQ Management LLC, (LQM) is a foreign Limited Liability Company with it principal place of business in Irving TX; Oregon Hospitality Group LLC, (OHG) is a Washington Limited Liability Company; Ashoo Ohri (Ohri) is a Washington resident.

3. LQ Management was the franchisor of the franchise, La Quinta Inn Albany, (La Quinta) where plaintiff was employed as a housekeep and receptionist.

4. OHG was the franchisee of the franchise for La Quinta Inn Albany.

5. Ohri was a member of OHG, and plaintiff's supervisor.

6. OHG was plaintiff's employer and the agent for LQWW and LQM

7. On or about April 19, 2016, Ohri sexually assaulted plaintiff when he penetrated plaintiff's vagina with his fingers.

8. The sexual assault took place in motel room, following the stated purpose of discussing plaintiff's work schedule with her.

9. Plaintiff was recovering from a recent hysterectomy and the sexual assault caused her severe pain.

10. The "La Quinta" logo was highly visible throughout the motel premises.

11. Neither Defendant, La Quinta Worldwide LLC, nor LQ Management LLC, is registered to do business in Oregon.

12. Plaintiff timely filed a civil rights discrimination claim with the EEOC/BOLI prior to the filing of this action, and the Oregon Attorney General has been provided a copy of this Complaint.

## TITLE VII
## (42 USC §2000e et seq)
## (Ashoo Ohri)

13. For her first claim for relief, plaintiff realleges paragraphs 1-12 and incorporates them herein by this reference. She further alleges that:

14. The act of penetration was of a sexual nature; was unwelcome to plaintiff; and was sufficiently severe and pervasive so as to alter the conditions of plaintiff's employment at La Quinta.

15. As a result of the sexual assault, plaintiff was constructively discharged from her employment at La Quinta.

Page 3-COMPLAINT

Richard E. Slezak PC
6446 Fairway Ave SE Suite 120
Salem OR 97306
503 315-2022

16.  As a result of the sexual assault and constructive discharge, plaintiff suffered economic damages of $50,000.

17.  As a further result of the sexual assault and constructive discharge, plaintiff suffered noneconomic damages of $1,000,000.

18.  Plaintiff is entitled to her attorney fees under 42 USC §1988.

DISCRIMINATION BASED ON SEX
(ORS 659A.030)
(Ashoo Ohri)

19.  For her second claim for relief, plaintiff realleges paragraphs 1-17, and incorporates them herein by this reference.

20.  The sexual assault and resulting constructive discharge was discrimination based on plaintiff's sex.

21.  Plaintiff is entitled to her attorney fees under ORS 659A.885(7)(d).

SEXUAL BATTERY
(Ashoo Ohri)

22.  For her third claim for relief, plaintiff realleges paragraphs 1-17, and incorporates them by this reference. She further alleges that:

23.  Ohri's conduct was his intentional and voluntary act, subjecting plaintiff to harmful or offensive contact to which she did not consent.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Ashoo Ohri)

24. For her fourth claim for relief, plaintiff realleges paragraphs 1- 17, 20, and 23, and incorporates them by this reference. She further alleges that:

25.  Ohri intended to inflict severe mental or emotional distress, or intended that the distress was certain or substantially certain to result from his conduct.

26.  Ohri's conduct consisted of some extraordinary transgression of the bounds of socially tolerable conduct, or exceeded any reasonable limit of social toleration.

## VICARIOUS LIABILITY
(Oregon Hospitality Group)

27.  For her fifth claim for relief against Oregon Hospitality Group LLC, plaintiff realleges paragraphs 1–26, and incorporates them herein by this reference. She further alleges that:

28.  Ohri's conduct occurred substantially within the time and space limits authorized by his employment with OHG.

29.  Ohri's conduct occurred while supervising plaintiff and was the outgrowth of the exercise of his supervisor's employment duties.

Page 5-COMPLAINT

## VICARIOUS LIABILITY
## (La Quinta Worldwide)

30. For her sixth claim for relief against LQWW, plaintiff realleges paragraphs 1-29, and incorporates them herein by this reference. She further alleges that:

31. LQWW retained the right to exercise control over OHG operations, and was therefore vicariously liable for Ohri's intentional acts of sexual discrimination.

32. LQWW acted with authority or apparent authority over OHG and Ohri.

33. LQWW retained sufficient right to control the premises and operations of La Quinta, and is vicariously liable for the conduct of OHG, and Ohri.

## VICARIOUS LIABILITY
## (LQ Management)

34. For her seventh clam for relief against LQM, plaintiff realleges paragraphs 1 -33, and incorporates them herein by this reference. She further alleges that:

35. LQM retained the right to exercise control over OHG operations, and was therefore vicariously liable for Ohri's intentional acts of sexual discrimination.

36. LQM acted with authority or apparent authority over OHG and Ohri.

37. LQM retained sufficient right to control the premises and operations of La Quinta, and is vicariously liable for the conduct of OHG, and Ohri.

38. Plaintiff demands a jury trial.

Page 6-COMPLAINT

Wherefore, plaintiff prays for judgment against defendants, and each of them, for her economic damages of $50,000; her noneconomic damages of $1,000,000; and her attorney fees; and for her costs and disbursements incurred herein.

DATED this __15__ day of September, 2016.

RICHARD E. SLEZAK PC

_s/ Richard E Slezak_
Richard E Slezak  OSB# 862906
Attorney for Plaintiff

20920 complaint\bds

Page 7-COMPLAINT

Richard E. Slezak PC
6446 Fairway Ave SE Suite 120
Salem OR 97306
503 315-2022