IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JESSICA BERNAL WICKLIFF, | Case. No. 6:16-cv-01818-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| LA QUINTA WORLDWIDE, LLC, a foreign Limited Liability Company; LQ MANAGEMENT, LLC, a foreign Limited Liability Company; OREGON HOSPITALITY GROUP, LLC, a Washington Limited Liability Company; and ASHOO OHRI, an individual, | |
| Defendants. | |

AIKEN, Judge:

Defendants, La Quinta Worldwide, LLC ("LQ Worldwide") and LQ Management, LLC ("LQ Management") (collectively, "the LQ defendants"), move the Court for an order dismissing all claims brought against them in plaintiff, Jessica Bernal Wickliff's, First Amended Complaint ("FAC"). Defs.' Mot. Dismiss Pl.'s FAC (doc. 11). For the following reasons, defendants' Motion to Dismiss is granted.

1 – OPINION AND ORDER

# BACKGROUND

This case arose out of plaintiff's employment at La Quinta Inn Albany. *Id.* at 2. Plaintiff alleges that while she was employed at La Quinta Inn Albany, she was sexually assaulted by her supervisor, defendant Ashoo Ohri ("Ohri"), and that "as a result of the sexual assault, [she] was constructively discharged from her employment at La Quinta" in violation of Title VII of the Civil Rights Act and Oregon's anti-discrimination law. *Id.* at 3. Plaintiff's direct employer while working at La Quinta Albany was defendant Oregon Hospitality Group ("OHG"). Plaintiff alleges that LQ Worldwide is vicariously liable for Ohri's on-the-job acts because LQ defendants acted with authority or apparent authority over OHG and Ohri, including by retaining "sufficient right to control the premises and operation of La Quinta" and "the right to exercise control over OHG operations." *Id.* at 6.

On September 9, 2016, plaintiff filed a Complaint with this Court asserting three claims for relief: (1) discrimination based on sex; (2) sexual battery; and (3) intentional infliction of emotional distress. *Id.* at 4-7. On September 19, 2016, the Court granted plaintiff for leave to amend her Complaint. Docs. 3-4.

On October 31, 2016, plaintiff filed the FAC (doc. 5) asserting seven claims for relief, including: (1) violation of Title VII, 42 U.S.C. § 2000e *et. seq.*, against Ohri based on the alleged sexual assault and resulting constructive discharge; (2) discrimination based on sex in violation of Or. Rev. Stat. § 659A.030 against Ohri based on the alleged sexual assault and resulting constructive discharge; (3) sexual battery against Ohri; (4) intentional infliction of emotional distress ("IIED") against Ohri; (5) vicarious liability against OHG because "Ohri's conduct occurred substantially within the time and space limits authorized by his employment with OHG" and because "Ohri's conduct occurred while supervising plaintiff and was the outgrowth

of the exercise of his supervisor's employment duties"; and (6 and 7) vicarious liability against LQ defendants because they retained the right to exercise control over OHG operations, as well as the premises and operations of La Quinta, and acted with "authority or apparent authority" over OHG and Ohri. Pl.'s FAC 3-6. Notably, plaintiff failed to assert for which claims OHG and LQ defendants are vicariously liable.[1]

On December 30, 2016, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule ("LR") 7, LQ defendants filed a motion to dismiss all claims brought against them in plaintiff's FAC (doc. 11).

## STANDARD OF REVIEW

Where a plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir.1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011), *cert. denied*, 132 S. Ct. 2101 (2012).

///

---

[1] Plaintiff also raises a "joint adventurer theory" cause of action in her Response to defendants' Motion to Dismiss. (doc. 13). However, because plaintiff failed to raise this theory in her FAC, plaintiff's insertion of this new legal theory at this stage of the proceedings is improper and this Court, therefore, does not address the merits of such arguments here. Fed. R. Civ. P. 12(a)(2)

3 – OPINION AND ORDER

## DISCUSSION

LQ defendants move to dismiss all claims against them for failure to state a claim. Defendants further argue the FAC fails to allege facts sufficient to render them vicariously liable for OHG's or Ohri's conduct based on either a single employer or joint employer theory of liability or based on common law principles of agency. Defs.' Mot. Dismiss Pl.'s FAC 2. LQ defendants also argue their Motion should be granted because plaintiff failed to plead facts illustrating how they exercised control or retained the right to exercise control over Ohri or OHG operations. *Id.* at 4. Finally, LQ defendants argue that plaintiff cannot amend her complaint to meet the pleading standard. *Id.*

LQ defendants argue that their motion should be granted because "vicarious liability" is not a cause of action and because plaintiff failed to allege for which claims they are vicariously liable. *Id.* at 5. LQ defendants argue that plaintiff's failure to connect vicarious liability to particular claims is material for two reasons. First, defendants argue, there are different federal- and state-law standards regarding whether vicarious liability may be extended beyond the direct employer. *Id.* at 5–6. Second, defendants argue, the standard for holding them vicariously liable for a sexual battery differs from the standard for holding them vicariously liable for employment discrimination. *Id.* Accordingly, defendants argue that "in order to state a claim, plaintiff must plead causes of action against [them], even if her theory of liability is vicarious liability." *Id.* Moreover, defendants argue that "[t]he FAC fails to satisfy Rule 13 and *Twombly* because plaintiff does not identify the cause of action for which she seeks to hold [them] vicariously liable." *Id.*

Plaintiff argues that the lack of specificity within her FAC is not a reason for dismissal because "the complaint only needs to provide notice of a claim, and does not have to allege the

ultimate facts on which the claim is based." Pl.'s Resp. to Def.s' Mot. Dismiss 2 (citing Oregon State Bar, *Federal Civil Litigation in Oregon* § 10.18 (2009 rev.)). Plaintiff also argues that when the court reviews a motion to dismiss under Rule 12(b)(6), it must view the "factual allegations in the light most favorable to the pleaders" and that an adequately stated claim may be supported by any set of facts that are consistent with the allegations. *Id* at 3. Plaintiff asserts that her FAC "alleges that both LQ defendants, respectfully[*sic*], acted with authority or apparent authority over OHG and Ohri, [and, therefore,] the FAC serves the purpose of notifying the court and other parties of [her] claims and the grounds for the claims." *Id.*

I hold that Plaintiff's FAC fails to adequately state a claim against LQ defendants. Plaintiff asserts, without alleging any specific supporting facts, that both LQ defendants acted with authority or apparent authority over OHG and Ohri. This threadbare assertion is insufficient because it is conclusory and does not contain enough factual content to permit the inference that La Quinta defendants are liable for Ohri's alleged actions. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009). Moreover, because vicarious liability is not in and of itself a cause of action, a plaintiff must assert specific claims against LQ defendants. *See Ahcom, Ltd., v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010) ("A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural.").

Here, plaintiff's FAC does not specify the claims for which LQ defendants are vicariously liable. That omission is fatal because the standard for vicarious liability is different for each substantive claim.

For example, under Title VII, there are two theories under which LQ defendants could be liable. First, LQ defendants and OHG could be so interrelated that they are properly considered

a "single employer." *Herman v. United Bhd. of Carpenters*, 60 F.3d 1375, 1383 (9th Cir. 1995). Alternatively, LQ defendants and OHG may have shared authority over OHG's employment decisions such that they are "joint employers." *Ford-Torres v. Cascade Valley Telecom, Inc.*, 374 F. App'x 698, 700 (9th Cir. 2010).

By contrast, under Oregon law, the question is whether LQ defendants had the "right to control" OHG's business operations within the meaning of Or. Rev. Stat. § 659A.001(4)(a), a codification of Oregon's common law on agent versus independent contractor status. *Cantua v. Creager*, 7 P.3d 693, 700 (Or. Ct. App. 2000).

Further, the existence of an agency relationship between LQ defendants and OHG (or between LQ defendants and Ohri) could support a finding of liability against LQ defendants on any of the claims alleged. *Bartholomew v. Burger King Corp.*, 15 Supp. 3d 1043, 1048 (2014).

Although plaintiff's FAC is liberally construed in her favor and its allegations are taken as true, *Rosen*, 719 F.2d at 1424, as stated above, threadbare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim, such as those brought by plaintiff, "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Because plaintiff's FAC fails to contain sufficient allegations of underlying facts to support its legal conclusions, *Starr*, 652 F.3d at 1216, plaintiff's claims against the LQ defendants fail, and the LQ defendants' motion to dismiss all claims against them is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons stated above, the LQ defendants' motion (doc. 11) to dismiss all claims brought against them in plaintiff's FAC is GRANTED. Plaintiff is granted leave to file an amended complaint within 30 days of this order. Failure to do so will result in dismissal of all claims brought against the LQ defendants, with prejudice.

IT IS SO ORDERED.

DATED this 21st day of April, 2017.

_____
ANN AIKEN
United States District Court Judge