IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


JESSICA BERNAL WICKLIFF,

        Plaintiff,

vs.

LA QUINTA WORLDWIDE, LLC, a
foreign Limited Liability Company; LQ
MANAGEMENT, LLC, a foreign Limited
Liability Company; OREGON
HOSPITALITY GROUP, LLC, a
Washington Limited Liability Company;
And ASHOO OHRI, an individual,

        Defendants.

Case No. 6:16-cv-01818-AA
**OPINION AND ORDER**

---

AIKEN, Judge:

Defendants La Quinta Worldwide, LLC ("LQ Worldwide") and LQ Management, LLC

("LQ Management") (collectively, "LQ defendants"), move this Court for an order dismissing all

claims brought against them in plaintiff, Jessica Bernal Wickliff's Second Amended Complaint

("SAC"). (doc. 22). For the reasons set forth herein, defendants' Motion to Dismiss is

GRANTED in part and DENIED in part.

## BACKGROUND

This case arises out of plaintiff's past employment at La Quinta Inn Albany. Plaintiff alleges that while employed at La Quinta Inn Albany as a housekeeper and receptionist, she was sexually assaulted by her supervisor, defendant, Ashoo Ohri ("Ohri"), and that "as a result of the sexual assault, [she] was constructively discharged from her employment" by OHG in violation of Title VII of the Civil Rights Act and Oregon's anti-discrimination law. SAC ¶ 54 (doc.19). It is undisputed that, plaintiff's direct employer while working at La Quinta Albany was defendant, Oregon Hospitality Group ("OHG"). Plaintiff also alleges that LQ Worldwide is vicariously liable for Ohri's on-the-job sexual battery and OHG's unlawful employment practice. *Id.*

On September 9, 2016, plaintiff filed her original complaint with this Court asserting three claims for relief: (1) discrimination based on sex; (2) sexual battery; and (3) intentional infliction of emotional distress (doc. 1). On September 19, 2016, I granted plaintiff leave to amend her complaint (docs. 3-4). On October 31, 2016, plaintiff filed her First Amended Complaint ("FAC"). On December 30, 2016, LQ defendants filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss all claims brought against them in plaintiffs FAC (doc. 11). On April 21, 2017, I granted LQ defendants' motion to dismiss all claims brought against them. In my opinion (doc. 18), I held that plaintiff's FAC did "not specify the claims for which LQ defendants are vicariously liable" and that this "omission [was] fatal because the standard for vicarious liability is different for each substantive claim." However, I granted plaintiff leave to file an amended complaint consistent with that opinion.

On May 19, 2017, plaintiff filed the SAC (doc. 19) asserting eight claims for relief, including: (1) sexual battery against Ohri; (2) intentional infliction of emotional distress against Ohri; (3) violation of Title VII, 42 U.S.C. § 2000e *et. seq.,* against Ohri based on the alleged

sexual assault and resulting constructive discharge; (4) discrimination based on sex in violation of Or. Rev. Stat. § 659A.030 against OHG based on the alleged sexual assault and resulting in constructive discharge; (5) vicarious liability against OHG for Ohri's sexual battery of plaintiff; (6) vicarious liability against LQ defendants for Ohri's sexual battery of plaintiff under a "single employer" theory; (7) vicarious liability against LQ defendants for Ohri's sexual battery of plaintiff under a "joint employer" theory; and (8) vicarious liability against LQ defendants for OHG's alleged discrimination based on sex in violation of Or. Rev. Stat. § 659A.030 because of the LQ defendants' agency or apparent agency relationship with OHG.

On June 2, 2017, LQ defendants filed the present motion to dismiss all claims brought against them (claims 6-8) in the SAC

## STANDARD OF REVIEW

Where a plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

## DISCUSSION

### I.  *Plaintiff's Sixth and Seventh Claims for Relief*

Plaintiff captions her sixth and seventh claims as claims to relief under Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex*, or national origin . . . ." 42 USC § 2000e-2(a)(1) (emphasis added). She does attempt to establish that for the purposes of a Title VII claim that LQ defendants constitute a single employer of Ohri or, alternatively, that they constitute a joint employer of Ohri with OHG. However, plaintiff alleges no facts regarding sex discrimination under these claims in the SAC. Rather, she avers in her sixth claim that "[i]n its capacity as an employer, OHG is a co-employer with LQ defendants, and LQ defendants are vicariously liable for Ohri's sexual battery" and in her seventh claim for relief plaintiff claims that "LQ defendants were vicariously liable for the sexual battery by Ohri." SAC ¶ 67, ¶ 74 (doc. 19).

This inconsistency creates confusion about which theory of liability plaintiff seeks to pursue under these claims. The only facts alleged in the SAC dealing employment discrimination appear in claims against OHG and are not alleged against LQ defendants. SAC ¶ 54 (doc.19). However, plaintiff seems to clear up this confusion in her briefing on the present motion by stating that LQ defendants are "vicariously liable for Ohri's *sexual battery* of plaintiff under a 'single employer' theory of liability" and under "'joint employer' theory of liability." Pl's. Resp. Mot. to Dismiss 5 (doc. 24) (emphasis added).

As indicated in plaintiff's SAC (doc. 19), sexual battery is an intentional tort. Therefore, I must examine the claim for an employer's liability for the intentional action of an employee

using the appropriate standard. The employer of an individual may be held vicariously liable for both the negligent and intentional torts of the individual. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 756 (1998). The standard for an employer being vicariously liable for the intentional torts of its employees is grounded in state law. *Fearing v. Bucher*, 977 P.2d 1163, 1165 (Or. 1999).

Under Oregon law, the three-step inquiry in determining whether an employer is vicariously liable for the intentional action of its employer consists of: (1) whether the act occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated, at least partially, by a purpose to serve the employer; and (3) whether the act is of a kind which the employee was hired to perform. *Harris v. Pameco Corp.*, 12 P.3d 524, 530 (Or. Ct. App. 2000). The proper focus in this inquiry is not whether the supervisor acted in the employer's interest or whether the supervisor was hired to perform the tortious act, but rather the proper focus is whether the tortious act resulted from or was the outgrowth of the exercise of the supervisor's employment duties. *Id.* Plaintiff seems to articulate that standard in its fifth claim for relief in which plaintiff asserts that OHG is vicariously liable for Ohri's alleged sexual battery of plaintiff.

If it is plaintiff's intention to assert that LQ defendants, along with OHG, are vicariously liable for Ohri's alleged sexual battery of plaintiff, plaintiff would have to allege enough facts to demonstrate that (1) either (a) Ohri is an employee of LQ defendants or (b) LQ defendants and OHG are considered joint employers under Oregon law (not Title VII) and (2) LQ defendants (or OHG if using a joint employer theory) is vicariously liable for the its employee's alleged sexual battery (using the standard set forth above in *Harris*).

In plaintiff's sixth and seventh claims for relief, she alleges that the LQ defendants are vicariously liable for Ohri's alleged sexual battery. However, plaintiff does not articulate or give facts to support the standard set forth in *Harris* or use the correct joint employer standard under Oregon law.

In her sixth claim for relief, plaintiff uses a "single employer" theory under Title VII that the LQ defendants could be vicariously liable for the actions of Ohri. This contention seeks to establish that LQ Defendants and OHG constitute a "single employer" and therefore LQ defendants, along with OHG, are vicariously liable for sex discrimination pursuant to Title VII. However, this analysis is only for establishing whether LQ defendants are vicariously liable for Title VII claims (which are not alleged) and not for establishing the LQ defendants are vicariously liable for the intentional tort of sexual battery.

In plaintiff's seventh claim for relief, plaintiff advances an alternative "joint employer" theory under Title VII that the LQ defendants could be vicariously liable for the actions of Ohri. Plaintiff seeks to establish that LQ defendants were "joint employers" of plaintiff with OHG. However, as is the case with the single employer theory, this joint employer analysis is only for establishing whether LQ defendants are vicariously liable for Title VII claims (which are not alleged) and not for establishing the LQ defendants are vicariously liable for the intentional tort.

In sum, plaintiff uses the wrong standard for asserting that LQ defendants are vicariously liable for Ohri's alleged sexual battery of plaintiff. This mistake by plaintiff is fatal because plaintiff then does not include sufficient allegations of underlying facts in order to state the claim that LQ defendants are considered single or joint employers such that they are vicariously liable for Ohri's alleged sexual battery of plaintiff. For this reason, as to plaintiff's sixth and seventh claim, plaintiff fails to adequately state a claim against LQ defendants. However, I find that it is

possible plaintiff may cure the defects discussed above by properly alleging facts regarding actual acts of discrimination under her claims to relief pursuant to Title VII. I therefore grant plaintiff leave to amend her complaint with regard to these two claims.

II. *Plaintiff's Eighth Claim for Relief*

In her eighth claim for relief, plaintiff alleges that LQ defendants are vicariously liable for OHG's alleged discrimination based on sex in violation of Or. Rev. Stat. § 659A.030, which bars discrimination on the basis of race, color, religion, sex, sexual orientation, national origin, marital status and age. This claim is based on the theory that there existed an agency relationship (or alternatively an apparent agency relationship) between LQ defendants and OHG.

For an agency relationship to exist (1) the principal must have a right to control the acts of its agent and (2) both parties must agree that the agent will act on the principal's behalf. *Eads v. Borman*, 227 P.3d 826, 829 (Or. Ct. App. 2010).

Plaintiff primarily points to the existence of a franchise agreement between OHG, the franchisee, and LQ Franchising LLC ("LQ Franchising"), the franchisor. While LQ Franchising is not a party in this case, plaintiff nevertheless asserts that via this franchising agreement, there is an agency relationship between LQ defendants and OHG. The logic of this argument is that LQ defendants control LQ Franchising and LQ Franchising controls OHG. Facts alleged in the complaint indicate that LQ defendants had some right to control OHG, which included LQ defendants' ability to dictate requirements for OHG to adhere to certain systems, business methods, and training and hiring procedures. OHG and LQ defendants apparently agreed that OHG would act on LQ defendants' behalf because of the franchise agreement (however attenuated it may be).

Alternatively, plaintiff asserts that an apparent relationship existed between LQ defendants and OHG. For an apparent agency relationship to exist (1) the principal must engage in conduct that holds out another as its agent and (2) the principal must, as a result of that holding out, rely on the care or skill of the apparent agent. *Eads*, 227 P.3d at 831.

Again, in an effort to state a claim for relief for vicarious liability for OHG's alleged discrimination based on sex in violation of Or. Rev. Stat. § 659A.030, plaintiff points to the franchising agreement to establish that an apparent agency relationship existed between OHG and LQ defendants. LQ defendants apparently held out OHG as its agent as OHG operated the facility under the specifications set forth by LQ defendants. LQ defendants apparently relied on the care or skill of OHG as OHG was the party that actually operated the facility.

There may be a question regarding the amount of control LQ defendants had over OHG where LQ defendants and OHG were separated by the link of LQ Franchising in the chain of command.[1] This is likely an issue that may be raised in subsequent, properly supported, dispositive motions. However, liberally construing plaintiff's complaint in her favor and taking its allegations as true, there are likely sufficient facts plead that support the legal conclusion that either an agency or apparent agency relationship existed between OHG and LQ defendants. Therefore, plaintiff has stated a valid claim that LQ defendants are vicariously liable for OHG's alleged discrimination based on sex in violation of Or. Rev. Stat. § 659A.030.

/ / /

/ / /

/ / /

/ / /

---

[1] As I am granting plaintiff leave to file an amended complaint, plaintiff may consider joining LQ Franchising as a party in this case.

## CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss (doc. 22) is GRANTED as to claims six and seven and DENIED as to claim eight. Plaintiff is granted leave to file an amended complaint as herein discussed within 30 days of this order. Failure to do so will result in dismissal of those claims, with prejudice.

IT IS SO ORDERED.

Dated this 4ᵗʰ day of October, 2017.

_____
Ann Aiken
United States District Judge